Opinion
SOVEN, J.
This case involves the present system of issuing parking citations, Defendant, apparently the owner of vehicles on which *Supp. 8 parking citations were posted, contends that the evidence is insufficient to show that he was the registered owner of the vehicles and that no complaints were filed as required by law.
Bail was posted and trials held at which the citations were contested.
Defendant’s argument assumes that only the registered owner or his or her attorney can post bail and can appear to contest the citation. As we explain, the parking-citation system is two-tiered. After the parking citation is issued, any person can post bail and appear in court to contest the citation. Only if the citation remains unpaid is the registered owner cited to appear in court. We conclude that no error of substance occurred, and we affirm.
First, the Vehicle Code does not require that the registered owner be proved, where, as here, a person posted bail on the citation and appeared in court to contest the citation. Vehicle Code[1] section 40202 authorizes the issuance of parking citations by attaching the citation to some part of the vehicle. That section also specifies the information to be included in the citation: approximate time; location; license number; registration; expiration date; last four digits of the vehicle identification number, if visible; color of the vehicle and, if possible, make of the vehicle. A person can then either pay the citation or post bail and contest the citation. (§§ 40203, 40205.) If the citation remains unpaid, only then must the registered owner be notified about the delinquent citation. (§ 40206.)
The procedures described in section 41102,[2] relied on by defendant, do not apply unless the citation remains unpaid and the prosecution must prove the case against the registered owner. In this case, a person chose to appear, pay the fine, and contest the citation. No one forced defendant to appear; he was entitled to wait until the People initiated proceedings under section 40206.
Defendant contends that a violation of a parking ordinance cannot be proved unless the citation contains all the information required under section 40202. The contention is without merit. A fully completed citation is not a *Supp. 9 jurisdictional requirement in proving a parking violation. The obvious purpose of the information requirements under section 40202 is to permit identification of the vehicle and sufficient information to prove that a violation has been committed. Defendant does not contend that the vehicle was incorrectly identified or that the information contained in the citation was inadequate to prove the violation.
Defendant’s constitutional arguments are without merit. He was not forced to incriminate himself; he was not denied equal protection; and he was not denied due process. Defendant chose the simplified system for paying and/or contesting parking citations.
Second, although we agree with defendant that under section 40230, subdivision (a) a complaint must be filed within 15 days after the defendant requests a court hearing, defendant does not contend that the court was without jurisdiction to proceed, absent a complaint, or that the citation did not provide him with adequate notice of the illegal parking that led to the citation.[3] In short, defendant can show no prejudice by the People’s failure to file a complaint.
The judgments are affirmed.
Johnson, Acting P. J., and Watai, J., concurred.

 All further statutory references shall be to the Vehicle Code unless otherwise noted.

 Section 41102, in part, provides that “[i]n any prosecution against the registered owner of a motor vehicle charging a violation of any regulation governing . . . the parking of a vehicle under . . . any ordinance enacted by local authorities, proof that the particular vehicle described in the complaint was parked in violation of any provision of . . . that ordinance, together with proof that the defendant named in the notice of delinquent parking violation issued under Section 40206 or the complaint was at the time of parking the registered owner of the vehicle, is prima facie evidence that the registered owner of the vehicle was the person who parked ... the vehicle at the point where, and for the time during which, the violation occurred . . . .”

 Section 40205 provides that when a person appears to contest a parking violation, the processing agency “shall proceed in accordance with Section 40215.” That section describes the duties of the processing agency as to persons who appear to contest a notice of parking violation or notice of delinquent parking violation. Section 40230, subdivision (a) provides that a criminal complaint pursuant to various sections, including section 40215, “shall be filed with the court within 15 days after the defendant requests a court hearing or fails to appear.” However, section 40230, subdivision (b) specifically authorizes the processing agency to “file a copy of the notice of delinquent parking violation . . . and a copy of the affidavit of service or of the promise to appear,” and further states: “That notice shall serve as a complaint on which a warrant may issue.” Thus, the reason for requiring a complaint is to permit the issuance of a warrant, and, under the parking violation system, no warrant is ever issued based on the initial notice of parking violation.